UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUANITA ANGELA WHITAKER,

        *Plaintiff*,

  v.

FBI,

        *Defendant*.

Civil Action No. 1:22-cv-01618 (CJN)

## ORDER

      This matter is before the Court on Defendant's Motion to Dismiss, ECF No. 6. Because consideration of this dispositive motion could potentially dispose of the case, this *pro se* Plaintiff is advised of the following: Defendants have moved to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(5) of the Federal Rules of Civil Procedure. The motion argues that the doctrine of derivative jurisdiction requires dismissal of the Plaintiff's claims. It also argues that Plaintiff did not properly exhaust her claims for money damages under the Federal Tort Claims Act, in addition to arguing that Plaintiff's damages and constitutional claims are barred by sovereign immunity.

      In *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam), the U.S. Court of Appeals for the District of Columbia Circuit held that a district court must take pains to advise a *pro se* party of the consequences of failing to respond to a dispositive motion such as that filed by the Defendant. Such "notice . . . should include an explanation that the failure to respond . . . may result in the district court granting the motion and dismissing the case." *Id*. at 509.

      Furthermore, the court may treat as conceded any unopposed arguments a defendant has advanced in support of its motion. *See Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*,

284 F. Supp. 2d 15, 25 (D.D.C. 2003) (citing *FDIC v. Bender*, 127 F.3d 58, 67–68 (D.C. Cir. 1997) (other citation omitted)), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004).

Defendants filed their Motion on August 19, 2022. The Court's local rules concerning dispositive motions state: "Within 14 days of the date of service or at such other time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion [or] the court may treat the motion as conceded." LCvR 7(b); *see also* Fed. R. Civ. P. 12(b). In light of the Plaintiff's pro se status, the Court will order a response on or before September 22, 2022.

It is **ORDERED** that Plaintiff shall file an Opposition to Defendant's Motion to Dismiss, ECF No. 6, on or before **September 22, 2022**. If Plaintiff fails to file a timely response—or fails to respond to the arguments raised by the Defendant in its motion—the Court will treat Defendant's Motion as conceded and, if the circumstances warrant, enter judgment for Defendant.

DATE: August 25, 2022

CARL J. NICHOLS
United States District Judge